HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
RAYKHEEM GUTHERY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RAYKHEEM GUTHERY, <br><br> Defendant. | Case No.: 2:22-CR-0173 KJM <br><br> **MOTION TO DISMISS INDICTMENT SECOND AMENDMENT** <br><br> Date:  January 23, 2023 <br> Time:  9:00 a.m. <br> Judge: Hon. Kimberly J. Mueller <br><br> **No Interpreter Case** |

Defendant, RAYKHEEM GUTHERY, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender moves the Court to dismiss the Indictment on the ground that the lifetime ban on firearms possession by U.S. citizens violates the U.S. Constitution, Amendment II.

Defendant contends that the federal lifetime ban on ammunition possession in 18 U.S.C. § 922(g) violates the Second Amendment as interpreted by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2138 (2022), because in 1787 there was no history of restricting the ammunition possession rights of persons based on prior convictions.

Prior to *Bruen, supra*, the Ninth Circuit has held that the federal felon-in-possession law did not violate the Second Amendment. *See United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016).  However, in *Phillips*, the Court relied on the dicta in *District of Columbia v. Heller*,

554 U.S. 570 (2008) which suggested that the Supreme Court would uphold longstanding restrictions on firearms possession.

> The Second Amendment protects the right to "keep and bear arms." U.S. Const. amend. II. The Supreme Court's landmark decision in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), held that this right encompasses an individual right to possess a functioning firearm in the home for the lawful purpose of self defense. *Id*. at 595, 635, 128 S.Ct. 2783. But the Court was careful to add a caveat, instructing the lower courts that its holding did not "cast doubt on longstanding prohibitions on the possession of firearms by felons ...[,]" id. at 626–27, 128 S.Ct. 2783, adding that such measures were "presumptively lawful," id.

*Phillips, supra*, at 1173-1174. Although the Supreme Court did refer to felon in possession as presumptively lawful in *Heller*, it supported this presumption because it saw §922(g) as similar to restrictions on carrying concealed weapons:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. . . . For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. *See, e.g., State v. Chandler*, 5 La. Ann., at 489–490; *Nunn v. State*, 1 Ga., at 251; . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*District of Columbia v. Heller*, 554 U.S. 570, 626-627 (2008). The Ninth Circuit in *Phillips, supra,* applied this dicta, although it notes "there may be some good reasons to be skeptical about the correctness of the current framework of analyzing the Second Amendment rights of felons."

The Ninth Circuit's skepticism in *Phillips* was proved correct in *Bruen* where the Supreme Court overruled its *Heller* dicta approving of restrictions similar to carrying concealed weapons. In *Bruen*, the Supreme Court clarified that the Second Amendment protected the right to carry firearms because there was no specific analogous historical basis for a restrictions New

Second Motion to Dismiss Indictment

York was imposing on the carrying of firearms in public. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2150 (2022). In *Bruen*, the Supreme Court clarified that restrictions on the Second Amendment must assessed by focusing on historical evidence about the scope of the restriction.

> The test that we set forth in Heller and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding. In some cases, that inquiry will be fairly straightforward. For instance, when a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment. Likewise, if earlier generations addressed the societal problem, but did so through materially different means, that also could be evidence that a modern regulation is unconstitutional. And if some jurisdictions actually attempted to enact analogous regulations during this timeframe, but those proposals were rejected on constitutional grounds, that rejection surely would provide some probative evidence of unconstitutionality.

*Bruen, supra*, at 2131. This test is exactly the opposite of the test applied by the Ninth Circuit in *Phillips*, which involved a felon in possession charge that was based on a defendant having only a prior federal conviction of misprision of felony in violation of a federal statute which was passed by the same Congress which ratified the Second Amendment. *See Phillips, supra*. Although there was no change to the federal misprision of felony maximum penalty since 1787, persons convicted under that statute became subject to a federal firearms ban only after 1968.

Since the test established in *Bruen* is absolutely inconsistent with *Phillips*, this Court is not bound to follow *Phillips*. This Court is not bound by this Ninth Circuit precedent whenever that precedent is "effectively overruled," which occurs when "the reasoning or theory of prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc). In addition, this case involves only ammunition and therefore it is distinguishable from Phillips, supra, which was a firearms case and relied on the Supreme Court's dicta regarding "longstanding prohibitions on

Second Motion to Dismiss Indictment

the possession of **firearms by felons**," since the dicta did not mention ammunition which is regulated very differently from firearms. See *Heller, supra*, see also *Phillips, supra*. Restrictions on ammunition possession are far more recent than firearms restrictions, and must be analyzed differently under *Bruen*.

In addition, subsequent to *United States v. Phillips*, the Supreme Court decided *Packingham v. North Carolina*, 137 U.S. 1730, 1737 (2017) which held that a lifetime ban on registered sex offenders using internet social networks violated the First Amendment rights of persons convicted of sex offenses. In *Packingham*, the Supreme Court held that persons convicted of serious dangerous crimes still have First Amendment rights. *Id*. In a concurring opinion joined by Justices Thomas and Roberts, Justice Alito explained that preventing convicted criminals from committing other offenses was a compelling state interest, but the state failed to prove the restriction did not burden substantially more speech than is necessary to further the government's interest. *Id*., at 1740 (Alito, J. concurring.) The same three justices joined in *Bruen*'s reasoning that the Second Amendment must be analyzed in a similar fashion to the First Amendment which codified a pre-existing right. *See Bruen* at 2130.

Since *Bruen* and *Packingham* have drastically changed how the Supreme Court evaluates the rights of convicted criminals who have served their sentence and the method of deciding Second Amendment cases, this Court should dismiss the indictment unless the Government can provide some historical evidence to show that 18 U.S.C. § 922(g) restriction on ammunition is analogous to a 1789 restriction.

Dated: December 5, 2022                    HEATHER E. WILLIAMS
                                            Federal Defender

                                            */s/ Douglas Beevers*
                                            DOUGLAS BEEVERS
                                            Assistant Federal Defender
                                            Attorney for Defendant

Second Motion to Dismiss Indictment