PHILLIP A. TALBERT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RAYKHEEM ANDREW GUTHERY,<br><br>　　　　　Defendants. | CASE NO. 2:22-CR-00173-KJM<br><br>UNITED STATES' OPPOSITION TO THE DEFENDANT'S AMENDED MOTION FOR BAIL REVIEW (ECF NO. 29); EXHIBITS 1 & 2<br><br>DATE: December 8, 2022<br>TIME: 2:00 p.m.<br>COURT: Hon. Deborah Barnes |

The United States respectfully submits this opposition to the defendant's motion for bail review seeking reconsideration of this Court's August 10, 2022 order to detain him pending trial. Defendant's Motion to Reopen Detention Hearing, ECF No. 29; Order of Detention Pending Trial, ECF No. 9.[1]

## I.  INTRODUCTION

The government opposes this motion because of the gravity of instant charges (one of which involves the violation of a domestic violence criminal protective order), the fact the defendant was on parole when he committed these offenses, and the defendant's extensive criminal history, which has earned him the highest classification available as a Criminal History Category VI. The defendant has a

---

[1] For the Court's awareness, both the defendant's instant motion (ECF No. 29) and this opposition are substantively the same as the previous versions (ECF No. 25 (original motion), 27 (original opposition)). The previous bail review hearing, originally set for November 30, 2022, was continued to December 8, 2022, to allow the U.S. Marshals Service enough time to transport the defendant to the hearing.

prior felony conviction for PC 245(a)(4) (assault with a deadly weapon likely to cause grave bodily harm), and was recently sentenced to a year in jail for a misdemeanor domestic violence conviction for repeatedly striking his victim in the face with his fists. The defendant's criminal history also includes at least four other felony convictions and several parole and probation violations.

On June 9, 2022, while on parole for a 2016 violent felony conviction and while the subject of a domestic violence criminal protective order, the defendant possessed a loaded privately manufactured firearm equipped with a 22-round extended magazine, over two pounds of marijuana, 163 extasy pills, 25 LSD tabs, three digital scales, and two cell phones. The firearm contained 17 rounds of ammunition, including one in the chamber. When initially approached by law enforcement, the defendant gave them a false identity and denied he was armed, despite carrying the loaded firearm in a bag on his chest. The incident also involved the defendant operating a motor vehicle at night while under the influence.

The defendant's repeated and patent disregard for the law, his status on parole, the fact he also chose to violate a domestic violence court order specifically prohibiting him from possessing firearms and ammunition, and his extensive criminal history all demonstrate that he cannot be trusted to obey the law now finally while on pretrial release. As this Court found during its initial ruling on pretrial detention, there is no condition or combination of conditions that could reasonably assure the safety of the community if he were to be released. Additionally, as demonstrated by Exhibit 1, the defendant has shown an inability to follow the rules even while in pretrial confinement for this case.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

Section § 3142(f) allows a detention hearing to be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

Here, the defendant claims that the new information is 1) alleged discrepancies in the pretrial service report, and 2) a release plan[2] that involves the defendant staying with his mother in Vallejo.

---

[2] With the exception of the fact that the defendant is asking to stay with his mother in Vallejo,

Def. Mot. at 2.  The defendant has not supported either of these arguments with any evidence or detail and has not demonstrated how any of this information was not available to him at the time of his initial appearance on July 28, 2022 or his continued detention hearing on August 1, 2022.  ECF Nos. 5, 6.  This Court should deny the defendant's motion because of its failure to demonstrate that there is any new additional information that is material to the issue of pretrial release.

### B.   Applicable Detention Provisions in the Bail Reform Act

The Bail Reform Act of 1984 allows the release of a defendant only after finding conditions or a combination of conditions to reasonably assure the defendant's appearance or the safety of the community.  When Congress amended the Bail Reform Act in 1984, it reflected "the deep public concern . . . about the growing problem of crimes committed by persons on release" and the recognition that "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community."  *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6 7, reprinted in 1984 U.S. Code Cong. & Ad. News, P.L. 98 473, at 3188 3189.)  "Congress has determined that '[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'"  *Chimurenga*, 760 F.2d at 403 (quoting Senate Report at 3189).

Whether to detain a defendant as a flight risk pending trial is determined by a preponderance of evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).  "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'"  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

### III.   DISCUSSION

**The bail review factors continue to weigh against releasing the defendant.**

As to both danger to the community and flight risk, the defendant has presented no evidence to show that the factors this Court examines in bail review hearings weigh in his favor more than they did

---

the defendant's motion does not contain any information about this plan.  It is the government's understanding that the defendant intends to ask to be released on his own recognizance.

at the time the Court ordered him detained. In its detention order, this Court found that there were no conditions of release that could reasonably contain the defendant's dangerousness to society or assure that he would appear at future court proceedings. ECF No. 9 at 2.[3] The order further relied on the weight of the evidence in this case, the defendant's exposure to a lengthy sentence, his prior criminal history, the fact he committed the instant offense while on court supervision, his history and use of violence or weapons, his history of substance abuse, his prior failure to appear in court, his prior attempts to evade law enforcement, and his prior violations of probation, parole, and supervised release. *Id*. at 2-3.

<u>Nature and circumstances of the crimes charged.</u>

When initially approached by law enforcement for driving a vehicle with no license plates, the defendant provided officers with a false identity. *See* Excerpt of Police Report, Exhibit 2. Officers later learned the defendant was also unlicensed. *Id*. at 2. When asked about the large amount of marijuana in plain view in his vehicle, the defendant, who had already displayed signs of intoxication, said, "I'm high right now." *Id*. at 1-2. The defendant lied to officers by saying, "I'm not on probation, I'm not on parole." *Id*. at 2. Officers seized the loaded firearm from a bag the defendant had been wearing on his chest. *Id*. A search of the defendant's person and vehicle revealed additional drugs, including LSD and MDMA, as well as three scales. *Id*. at 3.

The defendant is charged in the instant case with one count of possession of the ammunition inside the above-mentioned privately manufactured firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of being a prohibited person (by way of a domestic violence criminal protective order) in possession of said ammunition, in violation of 18 U.S.C. § 922(g)(8). Indictment, ECF No. 10. These are serious charges that bear correspondingly serious penalties, especially given the fact the firearm was loaded with an extended magazine, the evidence that the defendant possessed the firearm in connection with narcotics trafficking, and the defendant's extensive criminal history.

<u>Weight of the evidence.</u>

Law enforcement uncovered this evidence during a traffic stop. Officers used body-worn

---

[3] The order does not, as the defendant claims at page 1 of his motion, cite a presumption for detention because of two crimes of violence.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR BAIL REVIEW

4

cameras to record the encounter. The loaded firearm was on the defendant's person. He admitted the firearm and all the drugs in the car were his. *Id*. at 4. While he claimed the drugs were for personal use, the quantity of drugs, as well as the cash, three scales, and two cell phones demonstrate otherwise.

Personal history and characteristics.

The defendant's history and characteristics also weigh against pretrial release. During the instant offense, the defendant was on parole for a 2016 conviction for assault with a deadly weapon likely to cause grave bodily harm. He was subject to a three-year domestic violence criminal protective order issued in 2021 that prohibited him from possessing firearms or ammunition. As an adult, he has sustained at least five felonies and three misdemeanor convictions, including two felony evasion convictions in 2011 and 2014, and a misdemeanor conviction for domestic violence in 2021. *See* Pretrial Service Report dated July 28, 2022. In addition to multiple parole and probation violations, his adult record also includes two prior failures to appear. *Id*.

Danger to the community.

The defendant's instant offenses and his past criminal activity demonstrates the danger he poses to the community. His suggested release plan is not sufficient to contain the danger he poses to other people and to the community.

## IV.   CONCLUSION

This Court should deny the defendant's motion for pretrial release. As this Court initially found at the continued detention hearing, the defendant is a danger to the community and presents a risk of nonappearance that cannot be mitigated by any condition or combination of conditions, and certainly not the ones he now proposes.

Dated: December 7, 2022                                    PHILLIP A. TALBERT
                                                                                   United States Attorney

                                                                           By:  */s/ ADRIAN T. KINSELLA*
                                                                                   ADRIAN T. KINSELLA
                                                                                   Assistant United States Attorney